

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN
### September 8, 1944

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. O-6127

Re: Whether District Court may is-
sue order for a certified copy
of an illegitimate child's
birth certificate, during va-
cation, and related question.

Your request for our opinion on the hereinabove cap-
tioned matter has been received by this department. We quote
from your letter as follows:

"I am repeatedly asked as to the issuance by
the district judge of the orders relating to the
issuance of certified copies of birth certificates
of illegitimate children. I will appreciate it if
you will answer the following questions.

"First, may the district court consider the
petition and issue the order for a certified copy
of such a record during vacation?

"Second, in the issuance of such an order, is
the jurisdiction of the district judge limited to
the county in which the petition originates, or in
which the birth occurred?

"Will you please give me an outline or form
for the petition to be submitted to the court in
such cases?"

Section (25) of Rule 47a, under Article 4477 of the
Revised Civil Statutes, Vernon's Codification, is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. A. Davis, page 2

"(25) And provided that the name of the father or any information by which he might be identified, shall not be written into the birth or death certificate of any illegitimate child, and provided further, that any statement the father of an illegitimate child wishes to make as to its parentage, may, when placed in the form of an affidavit, be attached to the original birth record. Neither the State Registrar nor any local registrar shall issue a certified copy of any birth or death certificate wherein a child or an adult is stated to be illegitimate, unless such certified copy is ordered by a Court of competent jurisdiction."

It is thus seen that neither the State Registrar nor the local registrar may issue a certified copy of any birth or death certificate wherein a child or an adult is stated to be illegitimate, unless such certified copy is ordered by a court of competent jurisdiction.

Now a court may not exercise its judicial functions in vacation except where it is specially authorized to do so. 11 Tex. Jur., Sec. 80, p. 816.

We find no authority for the court's ordering such certified copy in vacation.

Article 1915 of the Revised Civil Statutes, however, provides:

"Judges of the district courts may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, and may, by consent of the parties, try any civil case, except divorce cases, without a jury and enter final judgment. All such proceedings shall be conducted under the same rules as if done in term time; and the right of appeals and writ of error shall apply as if the acts had been done in term time."

Under this statute, a judge of a district court, with the consent of all parties, would be authorized to order the issuance of the certified copy of the certificates mentioned. See Seagraves v. Green, 116 Tex. 220, 288 S.W. 417; Woods v. Lanier, 66 S.W. (2d)

360; Isbill v. Stovall, 92 S.W. (2d) 1067; Weaver v. Humphrey, 95 S.W. (2d) 720, 114 S.W. (2d) 609; Dollert v. Pratt-Hewit Oil Corporation, 179 S.W. (2d) 346.

An order requiring the issuance of such a certificate is in legal essence a mandamus, and the registrar against whom the order is made would, of course, be the respondent party whose consent is required.

Other than upon consent of the parties, the court would have no jurisdiction to make the order in vacation as hereinabove stated.

Your second question is answered in the negative. Under the statute already discussed, any "court of competent jurisdiction" means a court having jurisdiction over the subject matter and not necessarily over the person of the parties. Your question 2 presents a matter of possible venue, but this does not go to the jurisdiction of the court as a court, but would present merely a question of privilege of the respondent to be sued in his own county, in a proper case, which privilege could be waived and would, of course, be waived if he should consent to the court's hearing in determining the matter in vacation.

With respect to question No. 3, we will not undertake to prepare an outline or form for the petition since the facts would ordinarily be so peculiarly pertinent as to make our effort futile.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

Ocie Speer
Assistant

By

OS/JCR (Acting) ATTORNEY GENERAL OF TEXAS

FILED SEP 13 1944



APPROVED
OPINION COMMITTEE
BY
CHAIRMAN